ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-40061-JAR |
| | ) | |
| FRANKIE DEAN MCCUMBER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Frankie Dean McCumber's pretrial

motions: (1) Motion for Bill of Particulars (Doc. 19); (2) Motion to Dismiss Indictment Pursuant

to Fed. R. Crim. P. 48 (Doc. 20); (3) Motion to Dismiss Count 2 of Indictment (Doc. 22); and (4)

Motion to Dismiss Indictment (Doc. 23). The government has filed a consolidated response

(Doc. 29). The Court also conducted a hearing on these motions on March 9, 2009. The Court

has considered the parties' arguments and submissions and is prepared to rule. As described

more fully below, defendant's motions are denied.

## I.      Motion for Bill of Particulars

The Indictment in this matter charges defendant with two counts of bankruptcy fraud

under 18 U.S.C. § 152(1). Count 1 involves defendant's concealment of his interest in real

property located in Galena, Kansas and Count 2 involves concealment of defendant's interest

under the Radiation Exposure Compensation Program ("RECP"). Defendant complains that the

Indictment fails to allege what specific acts or omissions would constitute essential elements of

the crime. Also, defendant argues that the manner of the concealment is not alleged. Because

defendant contends that he reported his interests in the property at issue to his bankruptcy attorney, he argues that the government must provide further specificity about the alleged concealment.

An indictment is only held to a minimal constitutional standard; the defendant only need be placed on notice of the charges against him.[1]  An indictment is sufficient if it contains the elements of the crime charged, sufficiently apprises the defendant of what he must defend, and enables the defendant to assert double jeopardy.[2]  A review of the sufficiency of an indictment is done by reading the indictment as a whole, making sure to interpret it in a common sense fashion.[3]

"'The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense.'"[4]  "A bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges'" against him.[5]  A bill of particulars is not a discovery device to obtain the government's evidence; instead, it is a device used to obtain the theory of the government's case where the indictment is too vague.[6]  Furthermore, where the government has provided discovery in abundance, defendants cannot assert that a bill of particulars is

---

[1]*United States v. Daniels*, 159 F. Supp. 2d 1285, 1290 (D. Kan. 2001).

[2]*United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (citing *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).

[3]*Daniels*, 159 F. Supp. 2d at 1290.

[4]*United States v. Tyler*, 42 F. App'x 186, 190 (10th Cir. 2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)).

[5]*United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (quoting *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988)).

[6]*Tyler*, 42 F. App'x at 190.

necessary because review of the documents would be copious or burdensome to conduct.[7]
Whether to grant a bill of particulars is in the sound discretion of the trial court,[8] and will not be
granted unless the defendant can show prejudice.[9]

The Indictment sets forth thirteen pages of facts and background information and the
government has supplied the defendant with full discovery containing the detail necessary for
him to prepare his defense.  Moreover, defendant fails to make any showing of prejudice in his
motion.  Defendant's argument that he reported his interest in the subject properties to his
bankruptcy attorney does not necessitate a bill of particulars.  The motion for bill of particulars is
denied.

**II.      Motion to Dismiss Indictment Pursuant to Fed. R. Crim. P. 48 (Doc. 20)**

Under Rule 48(b), "The court may dismiss an indictment, information, or complaint if
unnecessary delay occurs in: (1) presenting a charge to a grand jury . . . ."  Defendant urges
dismissal on this basis because the information alleged to be the subject of the fraud was
obtained early on in the government's investigation but was not presented to a grand jury for five
years.

The government correctly points out that dismissal on the basis of delay is only
appropriate when there is post-arrest delay.[10]  Because there was no delay between defendant's
arrest and the return of the Indictment, this rule does not apply.  The motion is denied.

---

[7]*See Ivy*, 83 F.3d at 1282.

[8]*Dunn*, 841 F.2d at 1029.

[9]*United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987).

[10]*United States v. Kalady*, 941 F.2d 1090, 1094 (10th Cir. 1991).

**III.     Motion to Dismiss Count 2 of the Indictment (Doc. 22)**

In this motion to dismiss, defendant argues that Count 2 should be dismissed because the concealment charged in Count 1 is a continuing offense that should capture the concealment alleged in Count 2.  Defendant cites *Edwards v. United States*,[11] for the proposition that Congress did not intend to denounce as separate offenses under section 152(1) each piece of property belonging to the bankruptcy estate.  But the Second Circuit has explained:

> It is true that when the concealment of several items of property precedes the filing of the bankruptcy petition, the duty to disclose the transfers to the receiver or trustee is a single duty to reveal all. When the concealment of assets belonging to the bankrupt occurs after a receiver or Trustee has been appointed, however, each separate act of concealment is a separate violation of the statute. [12]

Since the alleged concealment occurred after the bankruptcy trustee had been appointed in this case and occurred at separate times, each separate act of concealment was properly charged separately.  The motion is denied.

**IV.     Motion to Dismiss Indictment (Doc. 23)**

Defendant argues in this motion that the information provided in discovery conclusively shows that there was no concealment of defendant's interest in the properties at issue.  On May 17, 2004, defendant advised his attorney of the sale of the subject property and indicated that he would be providing the proceeds of the sale to his bankruptcy attorney, who then forwarded the information to the bankruptcy trustee.  Defendant's attorney informed both the trustee and the bankruptcy court of the interest and subsequent sale.

As the government correctly notes in its response, a motion to dismiss the indictment

---

[11]265 F.2d 302, 306 (9th Cir. 1959).

[12]*United States v. Moss,* 562 F.2d 155, 160 (2d Cir. 1977).

should only be based on the allegations set forth in the Indictment, not on the information contained in discovery, of which defendant has made no proffer.  "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."[13]  None of defendant's arguments go to the sufficiency of the Indictment, but instead rely upon evidence produced  in the discovery that is not before the Court.  Accordingly, the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Frankie Dean McCumber's pretrial motions: (1) Motion for Bill of Particulars (Doc. 19); (2) Motion to Dismiss Indictment Pursuant to Fed. R. Crim. P. 48 (Doc. 20); (3) Motion to Dismiss Count 2 of Indictment (Doc. 22); and (4) Motion to Dismiss Indictment (Doc. 23) are **denied.**

**IT IS SO ORDERED**.

Dated:  <u>March 17, 2009</u>

                        <u>S/ Julie A. Robinson</u>
                        JULIE A. ROBINSON
                        UNITED STATES DISTRICT JUDGE

---

[13]*United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).